IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMCAST CABLE HOLDINGS, LLC, (f/k/a TELE-COMMUNICATIONS, INC.), <br><br> Plaintiff, <br><br> v. <br><br> RONALD A. KATZ TECHNOLOGY LICENSING, L.P. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. _____ |

**PLAINTIFF COMCAST CABLE HOLDINGS, LLC'S COMPLAINT
FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT**

Plaintiff Comcast Cable Holdings, LLC ("CCH"), formerly known as Tele-Communications, Inc., states as follows for its complaint against Defendant Ronald A. Katz Technology Licensing, L.P. ("Katz"):

**THE PARTIES**

1. Plaintiff CCH is a Delaware limited liability company with its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102. CCH was formerly known as "Tele-Communications, Inc." ("TCI"), a Delaware corporation. In 2000, TCI was converted to a Delaware limited liability company and renamed "AT&T Broadband, LLC." In 2002, AT&T Broadband, LLC was renamed Comcast Cable Holdings, LLC.

2. On information and belief, Defendant Katz is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

**JURISDICTION AND VENUE**

3. This Court has original jurisdiction of the subject matter of this action under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the

matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars ($75,000).

4. Venue is proper in this district under 28 U.S.C. § 1391(a), in that a substantial part of the events giving rise to the claim, including without limitation the filing by Katz of the Complaint in *Ronald A. Katz Tech. Licensing, L.P. v. Comcast Corp.*, Civil Action No. 1:07-cv-00361 ("*Katz v. Comcast*"), occurred in this judicial district.

## FIRST CLAIM – BREACH OF CONTRACT

5. CCH restates and realleges the allegations set forth in paragraphs 1-4 above and incorporates them by reference.

6. As of October 15, 1996, Katz entered into a written license agreement with TCI (now known as CCH) whereby TCI and its "Affiliates" (as defined), among others, were granted a field-of-use license relating to various Katz patents (the "CCH License Agreement").

7. As of March 20, 2000, AT&T Corp. acquired control of TCI, which was converted from a Delaware corporation to a Delaware limited liability company and renamed AT&T Broadband, LLC.

8. As of November 19, 2002, Comcast Corp. acquired control of AT&T Broadband, LLC. AT&T Broadband, LLC's name was changed to "Comcast Cable Holdings, LLC" (CCH).

9. On June 7, 2007, Katz initiated the *Katz v. Comcast* lawsuit by filing a complaint (the "Katz Complaint") in the District of Delaware against Comcast Corp., Comcast Cable Communications, LLC, Comcast of New Castle County, LLC, Comcast of Delmarva, Inc., Comcast of Eastern Shore, LLC, Comcast of California II, LLC, Comcast of California/ Colorado, LLC, Comcast of Arkansas/Florida/Louisiana/Minnesota/Mississippi/ Tennessee, Inc., Comcast of Colorado/Pennsylvania/West Virginia, LLC, Comcast of Florida/Illinois/

Michigan, Inc., Comcast of Garden State, L.P., and Comcast of Houston, LLC (collectively, the "Comcast Patent Defendants"), among other defendants, alleging infringement of various Katz patents.

10. The field-of-use license granted by the CCH License Agreement extends to each of the patents-in-suit asserted against the Comcast Patent Defendants in the Katz Complaint.

11. Each of the Comcast Patent Defendants is and has been an entity controlling, controlled by, or under common control with CCH and, as such, an "Affiliate" of CCH as defined by the CCH License Agreement and a licensee thereunder.

12. Katz has denied that the Comcast Patent Defendants are "Affiliates" as defined by the CCH License Agreement and has denied that they are licensees under that agreement.

13. CCH has fully performed in all material respects its obligations, including without limitation its payment obligations, under the CCH License Agreement. Katz has accepted without reservation or objection the payments made by CCH pursuant to the CCH License Agreeement.

14. Katz has materially breached the CCH License Agreement by denying that the Comcast Patent Defendants are licensees under that agreement and by filing the *Katz v. Comcast* lawsuit accusing the Comcast Patent Defendants of infringing patents covered by the CCH License Agreement.

15. CCH has been damaged by Katz's breach of the CCH License Agreement, including but not limited to, being deprived of the bargained and paid for benefit of authorized use of Katz patents by CCH's affiliates, and CCH is entitled to specific performance by Katz of Katz's obligations under the terms of the CCH License Agreement.

## SECOND CLAIM – DECLARATORY JUDGMENT OF AFFILIATE AUTHORIZATION PURSUANT TO LICENSE

16. CCH restates and realleges the allegations set forth in paragraphs 1-15 and incorporates them by reference.

17. There is a justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Katz and CCH with respect to whether CCH's affiliates, the Comcast Patent Defendants, are licensees under the CCH License Agreement and have been licensees for so long as they have been CCH's "Affiliates," as defined by the CCH License Agreement.

18. CCH is entitled to a declaratory judgment that each of the Comcast Patent Defendants is, and has been for so long as it has been controlled by, controlling, or under common control with CCH, an "Affiliate" of CCH as defined by the CCH License Agreement, and as such, licensed to use the patents-in-suit asserted in *Katz v. Comcast* within the field of use of the CCH License Agreement.

## PRAYER FOR RELIEF

WHEREFORE, CCH prays for judgment as follows:

1. For judgment that Katz breached the CCH License Agreement by filing the Katz Complaint and denying CCH and the Comcast Patent Defendants benefits due to them under the CCH License Agreement;

2. For specific performance by Katz of the terms of the CCH License Agreement;

3. For an order enjoining Katz from continuing to assert infringement of the patents-in-suit in *Katz v. Comcast* against the Comcast Patent Defendants based on activities conducted while controlled by, controlling, or under common control with CCH;

4. For a declaratory judgment that each of the Comcast Patent Defendants is, and has been for so long as it has been controlled by, controlling, or under common control with CCH, an

4

"Affiliate" of CCH as defined by the CCH License Agreement, and as such, licensed to use the patents-in-suit asserted in *Katz v. Comcast* within the field of use of the CCH License Agreement;

    5.    That Katz be ordered to pay CCH's costs of suit in this action.

    6.    That Katz be ordered to pay CCH's attorneys' fees; and

    7.    That CCH be awarded such other relief as this Court deems just and proper.

OF COUNSEL:

Matthew B. Lehr
Anthony I. Fenwick
Suong Nguyen
Jill Zimmerman
Veronica Abreu
Davis Polk & Wardwell
1600 El Camino Real
Menlo Park, CA, 94025
Tel: (605) 752-2015
Fax: (650) 752-2111

Dated: July 19, 2007
807835 / 31932

POTTER ANDERSON & CORROON LLP

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
Fax: (302) 658-1192
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*Comcast Cable Holdings LLC*

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

COMCAST CABLE HOLDINGS, LLC,
(f/k/a TELE-COMMUNICATIONS, INC.)

### DEFENDANTS

RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, DE 19899-0951

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | x 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | x 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury— Med. Malpractice | 620 Other Food & Drug | | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC | 423 Withdrawal 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 365 Personal Injury — Product Liability | 630 Liquor Laws | | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | 640 R.R. & Truck | PROPERTY RIGHTS | 460 Deportation |
| 151 Medicare Act | 340 Marine / PERSONAL PROPERTY | 650 Airline Regs. | 820 Copyrights | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / 370 Other Fraud | 660 Occupational Safety/Health | 830 Patent | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 371 Truth in Lending | 690 Other | 840 Trademark | 850 Securities/Commodities/ Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| x 190 Other Contract | 360 Other Personal Injury / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting / 510 Motions to Vacate Sentence | 740 Railway Labor Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment / Habeas Corpus: | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations / 530 General | 790 Other Labor Litigation | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare / 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights / 540 Mandamus & Other | | 871 IRS—Third Party 26 USC 7609 | 890 Other Statutory Actions |
| 290 All Other Real Property | / 550 Civil Rights | | | |
| | / 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C § 1332, § 2201, and § 2202 for breach of contract and declaratory judgment.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE Chief Judge Gregory M. Sleet

DOCKET NUMBER C. A. No. 07-361-GMS

DATE 07/19/2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 7 - 4 4 7

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

7/19/07

(Date forms issued)          (Signature of Party or their Representative)

Matthew D Gordon
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action