IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMCAST CABLE HOLDINGS, LLC<br>(f/k/a TELE-COMMUNICATIONS, INC.)<br><br>Plaintiff,<br><br>v.<br><br>RONALD A. KATZ TECHNOLOGY<br>LICENSING, L.P.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 07-447-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S ANSWER TO COMCAST CABLE HOLDINGS, LLC's COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT

Defendant Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") hereby sets forth its Answer to the Complaint for Breach of Contract and Declaratory Judgment filed by plaintiff Comcast Cable Holdings, LLC ("CCH") as follows:

### THE PARTIES

1.     Upon information and belief, Katz Technology Licensing admits that CCH is a Delaware limited liability company with its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102. Katz Technology Licensing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and on that basis denies each and every such allegation.

2.     Katz Technology Licensing admits that it is a limited partnership organized under the laws of the State of California with principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

### JURISDICTION AND VENUE

3.     Katz Technology Licensing admits that (1) this Court has jurisdiction over this action; (2) it is a California limited partnership; and (3) CCH alleges that the controversy exceeds seventy-five thousand dollars exclusive of costs and interest. Katz Technology

Licensing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and on that basis denies them.

4. Katz Technology Licensing admits that venue is proper in this district and that Katz Technology Licensing filed its Complaint in *Ronald A. Katz Tech. Licensing L.P. v. Comcast Corp.* in this judicial district. Katz Technology Licensing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and on that basis denies them.

## FIRST CLAIM

5. Katz Technology Licensing realleges and incorporates by reference paragraphs 1 through 4 of this Answer as if fully set forth herein.

6. Katz Technology Licensing admits that Katz Technology Licensing and Tele-Communications, Inc. ("TCI") entered into a license agreement as of October 15, 1996. As to the allegations of Paragraph 6 regarding the terms of that license agreement, Katz Technology Licensing responds that the license agreement speaks for itself and no further response is required. Katz Technology Licensing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and on that basis denies them.

7. On information and belief, Katz Technology Licensing admits that TCI was a Delaware corporation when TCI entered into the license agreement in October 1996 and the written modification of the license agreement, dated July 14, 1997. Katz Technology Licensing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and on that basis denies them.

8. Katz Technology Licensing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies them.

9. Katz Technology Licensing admits that it filed a Complaint in *Ronald A. Katz Technology Licensing, L.P. v. Comcast Corporation, et al.*, alleging patent infringement by Comcast Corporation, other Comcast entities, and other defendants that are named in the

Complaint on June 7, 2007 and that Complaint speaks for itself. As to any remaining allegations in Paragraph 9, Katz Technology Licensing denies them.

10. As to the allegations in Paragraph 10 relating to the terms of the license agreement with TCI, Katz Technology Licensing responds that the license agreement speaks for itself and no further response is required. Katz Technology Licensing denies the remaining allegations in Paragraph 10.

11. As to the allegations in Paragraph 11 relating to the terms of the license agreement with TCI, Katz Technology Licensing responds that the license agreement speaks for itself and no further response is required. Katz Technology Licensing denies the remaining allegations in Paragraph 11.

12. Katz Technology Licensing denies the allegations set forth in Paragraph 12.

13. Katz Technology Licensing admits that it has received and accepted checks payable to it from: (1) TCI during the years 1996 through 2000; (2) AT&T Broadband during the years 2001 and 2002; and 3) Comcast Financial Agency Corporation during the years 2003 through 2007. Katz Technology Licensing further admits the certain checks from Comcast Financial Agency Corporation were received from Comcast Cable Communications, Inc. and the 2007 payment was received from Comcast Cable Communications, LLC. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 13.

14. Katz Technology Licensing responds that the allegations in Paragraph 14 constitute legal conclusions to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 14.

15. Katz Technology Licensing denies the allegations set forth in Paragraph 15.

## SECOND CLAIM

16. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 15 of this Answer as if fully set forth herein.

17. Katz Technology Licensing admits that (1) there is a justiciable controversy between Katz Technology Licensing and the Comcast Defendants relating to the Comcast

Defendants' infringement of the patents-in-suit; and (2) CCH purports to bring this claim for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. Katz Technology Licensing denies the viability of that request. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 17.

18. Katz Technology Licensing denies the allegations set forth in Paragraph 18.

## CCH'S PRAYER FOR RELIEF

Katz Technology Licensing denies that CCH is entitled to any of the relief requested in the Prayer for Relief, Paragraphs 1 through 7.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### Failure to State a Claim

1. The Complaint fails to state facts sufficient to state a cause of action against Katz Technology Licensing.

### Second Affirmative Defense
### Lack of Standing

2. CCH is not the real party in interest and lacks standing to bring the causes of action asserted by CCH in the Complaint.

### Third Affirmative Defense
### Failure to Join Indispensable Parties

3  CCH's claims are barred because CCH has failed to join indispensable parties.

### Fourth Affirmative Defense
### Lack of Causation

4. The Complaint, and the purported causes of action alleged therein, are barred because the alleged actions or omissions by Katz Technology Licensing did not cause any of the damages allegedly suffered by CCH.

### Fifth Affirmative Defense
### Waiver and Release

5. CCH has waived or released the claims for relief it seeks to allege against Katz Technology Licensing in the Complaint.

### Sixth Affirmative Defense
### Estoppel and Laches

6.  CCH's claims are barred by the doctrines of estoppel and laches with respect to the matters which are the subject of the Complaint.

### Seventh Affirmative Defense
### Statute of Limitations

7.  CCH's claims are barred by the applicable statutes of limitation.

### Eighth Affirmative Defense
### Unclean Hands

8.  The Complaint, and the purported causes of action alleged therein, are barred due to CCH's unclean hands.

### Ninth Affirmative Defense
### No Damages

9.  CCH's claims fail to state a cause of action against Katz Technology Licensing because CCH suffered no damages as a result of any conduct by Katz Technology Licensing.

### Tenth Affirmative Defense
### Setoff and Recoupment

10. Subject to and without waiving its other defenses in this action, in the event that CCH is found to be a party to the TCI license agreement, Katz Technology Licensing is entitled to offset and recoupment against any potential judgment for obligations owed under the TCI license agreement or for activities not covered by that license agreement.

### Eleventh Affirmative Defense
### Failure to Mitigate Damages

11. CCH is barred from recovering some or all of the alleged damages it seeks because it failed to mitigate its alleged damages.

### Twelfth Affirmative Defense
### Lack of Performance

12. CCH's claims are barred to the extent that it failed to perform its obligations under the TCI license agreement upon which CCH bases its claims.

## KATZ TECHNOLOGY LICENSING'S PRAYER FOR RELIEF

Katz Technology Licensing prays for judgment on CCH's Complaint as follows:

1. that CCH take nothing on its claims;

2. that judgment be entered in Katz Technology Licensing's favor and against CCH on all of CCH's claims;

3. that Katz Technology Licensing be awarded the relief requested in its Complaint in *Ronald A. Katz Technology Licensing, L.P. v. Comcast Corporation, et al.*; and

4. that the Court award to Katz Technology Licensing such further relief as the Court deems appropriate.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

By _____
Andre G. Bouchard (I.D. No. 2504)
John M. Seaman (I.D. No. 3863)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: 302.573.3500
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Defendant*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

HELLER EHRMAN LLP
Robert T. Haslam
Andrew C. Byrnes
275 Middlefield Road
Menlo Park, CA 94025-3506
Telephone: 650.324.7000
robert.haslam@hellerehrman.com
andrew.byrnes@hellerehrman.com

Michael K. Plimack
Dale A. Rice
333 Bush Street
San Francisco, CA 94104-2878
Telephone: 415.772.6000
michael.plimack@hellerehrman.com
dale.rice@hellerehrman.com

DATED: August 8, 2007